IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


GARY DUANE ZIEHL,

    Plaintiff,

    v.                                                    No. CIV 14-0432 KG/LAM

JAMES FRAWNER, WARDEN,
F.N.U. VELARDE, CHAPLAIN,
M. GONZALEZ, GANG INTEL OFFICER,

    Defendants.


MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint and three motions to amend (Docs. 4, 9, 12). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have intentionally put Plaintiff's physical safety in jeopardy and violated his right of freedom of religion. After Plaintiff had voluntarily entered into protective custody because of threats to his well-being, Defendant Gonzalez allegedly attempted to force him to re-enter the general population. Plaintiff refused and, as punishment, was then placed in solitary confinement. He also alleges that Defendant Velarde has denied him all access to religious materials. Plaintiff asserts that Defendants' actions have violated his equal protection and First Amendment rights, and the Court also construes the alleged failure to protect his physical safety as asserting an Eighth Amendment claim. The complaint seeks equitable relief and "a punitive judgment" for damages.

The complaint names Warden Frawner as a Defendant but contains no allegations against him. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*"); *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013) ("formulaic recitation that these defendants knew of his condition and were deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation."). In the absence of any factual allegations against Defendant Frawner, the Court will dismiss Plaintiff's claims against him.

IT IS THEREFORE ORDERED that Plaintiff's motions to amend the complaint (Docs. 4, 9, 12) are GRANTED; Plaintiff's claims against Defendant Frawner are DISMISSED; and Defendant Frawner is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint (Docs. 1, 4, 9, 12), for Defendants Gonzalez and Velarde.

_____
UNITED STATES DISTRICT JUDGE