IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GARY DUANE ZIEHL,**

    **Plaintiff,**

v.                                                   **No. CV 14-0432 KG/LAM**

**F.N.U. VELARDE, and**
**M. GONZALEZ,**

    **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [*Doc. 20*]**
**AND ORDER FOR DEFENDANTS TO REPLY TO PLAINTIFF'S COMPLAINT**

    **THIS MATTER** is before the Court on Plaintiff's *Motion for Default Judgment (Doc. 20)*, filed April 20, 2015. On January 12, 2015, the Court ordered the Clerk to issue notice and waiver of service forms, with a copy of the complaint (Documents 3, 4, 9, and 12), for Defendants Gonzalez and Velarde. [*Doc. 15*].[1] After neither Defendant Gonzalez nor Defendant Velarde returned a waiver of service form, the Court ordered personal service of the summons and complaint (Documents 3, 4, 9 and 12) on Defendants Gonzalez and Velarde. [*Doc. 17*]. On March 30, 2015, the summonses were returned executed, indicating that Defendants Gonzalez and Velarde were served on March 25, 2015. [*Docs. 18* and *19*].[2] Neither Defendant Gonzalez nor Defendant Velarde has filed a responsive pleading or otherwise appeared in the present case and, therefore, Plaintiff moves for default judgment. *See* [*Doc. 20*].

---

[1] While the January 12, 2015 order directed the Clerk to issue copies of Documents 1, 4, 9, and 12 (*see Doc. 15* at 3), the Court notes that the docket reflects that Document 3 was issued, which is a corrected copy of Document 1 that includes the back side of the complaint.

[2] The Court expresses no opinion on the sufficiency of service of process under Fed. R. Civ. P. 4.

Plaintiff's civil rights complaint is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides, in relevant part, as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

Thus, "defendants can waive their right to reply to a prisoner complaint without the usual consequence of being deemed to have admitted the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Under the plain language of § 1997e(g)(1), "[n]o relief shall be granted to the plaintiff unless an answer has been filed." Therefore, Plaintiff's motion for default judgment will be denied.

Nonetheless, the Court may require Defendants Gonzalez and Velarde to file a reply to Plaintiff's civil rights complaint, "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2). The Court has already reviewed Plaintiff's complaint, determined that Plaintiff's claims could proceed against Defendants Gonzalez and Velarde, and ordered personal service of process. *See* [*Docs. 15* and *17*]. At this stage in the proceedings, the Court cannot say that Plaintiff has no reasonable opportunity to prevail on the merits. Therefore, in accordance with § 1997e(g)(2), the Court will direct Defendants Gonzalez and Velarde to file an answer or responsive pleading to the complaint. To the extent that either Defendant Gonzalez or Velarde takes the position that Plaintiff has no reasonable opportunity to

prevail on the merits of his complaint, or that clarification of Plaintiff's claims is necessary to formulate a reply, they can file an appropriate Rule 12(b) motion.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Default Judgment (Doc. 20)* is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Gonzalez and Velarde shall file an answer or other responsive pleading **within twenty-one (21) days from entry of this Order**; and

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to Defendants Gonzalez and Velarde at the Otero County Prison Facility.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE**